

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
BRAVE BULK TRANSPORT LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM – 4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BRAVE BULK TRANSPORT LTD.
      Plaintiff,

   v.

SOCIETA COMMERCIALE
E FINANZIARIA S.R.L.

      Defendant.
-----------------------------------------------------------------x

08 CIV.

**VERIFIED COMPLAINT**

Plaintiff, BRAVE BULK TRANSPORT LTD., by its attorneys, CHALOS, O'CONNOR & DUFFY LLP, as and for its Verified Complaint against defendant, SOCIETA COMMERCIALE E FINANZAIARIA S.R.L., alleges upon information and belief as follows:

## JURISDICTION

FIRST: The Court has subject matter jurisdiction because the complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this matter also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

SECOND:         At all times material hereto, plaintiff BRAVE BULK TRANSPORT LTD. (hereinafter referred to as "BRAVE BULK"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of Malta with a head office and principal place of business at 147/1 St. Lucia, Valetta, Malta and a representative office in Athens, Greece.

THIRD:         At all times material hereto, plaintiff BRAVE BULK was the disponent owner of the ocean-going vessel known as the M/V GRAND PANAGIOTIS, which vessel the plaintiff BRAVE BULK charters out to carry cargo belonging to others in exchange for payments of hire and/or freight.

FOURTH:         Upon information and belief, and at all times hereto, the defendant SOCIETA COMMERCIALE E FINAZAIARIA S.R.L. (hereinafter referred to as "SCF") was a commercial entity created under the laws of Italy with offices and a principal place of business in Milan, Italy.

FIFTH:         Upon information and belief, and at all times hereto, the defendant SCF was engaged in business as a trader of bulk cargoes and, in furtherance of its business, it charters ocean-going vessels to carry its bulk cargoes between various ports in the world.

## AS AND FOR A FIRST CAUSE OF ACTION
### BREACH OF A CHARTER PARTY DATED JANUARY 17, 2007

SIXTH: Pursuant to an NYPE time charter-party dated January 17, 2007, defendant, SCF chartered the vessel M/V GRAND PANAGIOTIS from plaintiff BRAVE BULK whereby the M/V GRAND PANAGIOTIS would be used by defendant SCF for a period of approximately 11 (eleven) to 14 (fourteen) months to carry SCF's various bulk cargoes between ports worldwide.

SEVENTH: Pursuant to an NYPE time charter-party dated January 17, 2007, and as consideration for the charter and use of the M/V GRAND PANGIOTIS, the defendant SCG agreed to pay the plaintiff hire at a daily rate of $21,000 which was to be paid every 15 days in advance.

EIGHTH: The charter-party dated January 17, 2007 is a maritime contract, which the parties freely negotiated.

NINTH: In accordance with the terms and conditions of the charter party dated January 17, 2007, *i.e.* clause 17 and rider clause 47, the parties agreed that any and all disputes arising out of the contract would be resolved by arbitration in London and, furthermore, that the charter party shall be construed in accordance with English law, *i.e.* rider clause 84.

3

TENTH:  From the date that the vessel was delivered into the service of the Charterer, on or about April 10, 2007, the Charterer made regular payments of hire to the Plaintiff, BRAVE BULK.

ELEVENTH:  The M/V GRAND PANAGIOTIS is currently planned to be re-delivered from the Charterer's service on or about July 21, 2008.

TWELFTH:  On June 26, 2008, the Defendant Charterer sent the Plaintiff Owner the payment and breakdown for the 31st Hire Period under the charter.

THIRTEENTH:  With respect to the 31st Hire Period, the Defendant Charterer wrongfully, unlawfully and in breach of the charterer party agreement withheld payment of the sum of $222,009.94 which was due and owing to the Plaintiff Owner BRAVE BULK.

FOURTEENTH:  In response to the objection of the Plaintiff Owner BRAVE BULK, the Defendant Charterer alleged that it was entitled to deduct the sum of $222,009.94 because of the vessel's underperformance with respect to sailing speed and fuel consumption during the charter period.

FIFTEENTH:  The Plaintiff Owner BRAVE BULK rejects the position taken by the Defendant Charterer for several reasons, including, *inter alia*: (1) the Charterer's deductions are not accurate because they were not calculated in accordance

with the terms and conditions of the time charter party; and, (2) the time charter party specifically provides, at clause 76, that the Charterer is not entitled to make any deduction from hire solely based on preliminary performance analysis.

SIXTEENTH:     Under the circumstances set forth herein, the defendant SCF is in breach of the time charter party dated January 17, 2007 by reason of its failure to pay the full amount of hire that is due and owing to the Plaintiff, Owner BRAVE BULK.

SEVENTEENTH:     Under the circumstances set forth herein, the Plaintiff, Owner BRAVE BULK, asserts a valid *prima facie* maritime claim against the defendant SCF for breach of charter party.

EIGHTEENTH:     In accordance with the terms and conditions of the charter party, the Plaintiff, Owner BRAVE BULK, is preparing to initiate arbitration against SCF in London, England to recover damages in the amount of $222,009.94 for unpaid freight, and additional sums to cover attorneys' fees, costs and interest which are recoverable in London Arbitration.

NINETEETH:     The merits of Plaintiff BRAVE BULK's maritime claim against the Defendant SCF will be decided by the arbitrators in London.

TWENTIETH:     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings.

TWENTY FOURTH: Because this Verified Complaint sets form an *in personam* maritime claim against the Defendant SCF and because the Defendant SCF cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, the requirements for a Rule B Maritime attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claim against Defendant SCF and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment can be satisfied.

WHEREFORE, Plaintiff prays as follows:

1. That Defendant SCF be summoned to appear and answer this Complaint;

2. That Defendant SCF, not being found within this District, as set forth in the accompanying Declaration of Owen F. Duffy, all of its certain assets, accounts, freights, monies, credits, effects, payments for cargo, payments of hire and/or freight, goods or services and the like belonging to or claimed by the Defendant within this District, up to the amount sued for herein, $307,699.04, be attached pursuant to Supplemental Rule B and that the same be attached to pay Plaintiffs' damages;

3. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or an award by London arbitration, and/or entry of a

judgment by the courts of England, so that judgment may be entered in favor of Plaintiff for the amount of its claim, *i.e.* $307,699.04, including interest and costs, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiffs' claim, plus interest and costs to be paid out of the proceeds thereof; and,

4. That Plaintiff have such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
July 15, 2008

CHALOS, O'CONNOR & DUFFY
Attorneys for Plaintiffs
BRAVE BULK TRANSPORT LTD.

By: *(signature)*
Owen F. Duffy (OD-3144)
George E. Murray (GM – 4172)
366 Main Street
Port Washington, New York 11050
Tel: 516-767-3600
Telefax: 516-767-3605

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
BRAVE BULK TRANSPORT LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM – 4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRAVE BULK TRANSPORT LTD.,              :
                                        :
                     Plaintiff,         :
                                        :         08 CV _____ (____)
          v.                            :
                                        :         **VERIFICATION**
SOCIETA COMMERCIALE                     :
E FINANZIARIA S.R.L.                    :
                                        :
                     Defendant.         :
------------------------------------------------------------x

Pursuant to 28 U.S.C. § 1746, Owen F. Duffy, declares under the penalty of perjury:

1. That I am a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, BRAVE BULK TRANSPORT LTD., herein;

2. That I have read the foregoing complaint and knows the contents thereof;

3. That I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
July 15, 2008

                                      CHALOS, O'CONNOR & DUFFY, LLP
                                      Attorneys for Plaintiff,
                                      BRAVE BULK TRANSPORT LTD.

By: _____
       Owen F. Duffy (OD-3144)
       366 Main Street
       Port Washington, New York 11050
       Tel: (516) 767-3600
       Fax: (516) 767-3605
       ofd@codus-law.com